UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOEL CARTER,

    Plaintiff,

v.                                       Case No. 21-10518

HEIDI WASHINGTON,

    Defendant.

                                                /

**ORDER DENYING PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER AND MOTION FOR ORDER TO SHOW CAUSE**

On February 23, 2021, Plaintiff filed his complaint, application to proceed without prepaying filing fees and costs, and a motion for a temporary restraining order and for an order to show cause why a preliminary injunction should not issue. (ECF Nos. 1, 2, 3.) Plaintiff is confined at Ionia Maximum Correctional Facility. He asserts that he should not be in maximum confinement and should be considered for parole despite his admittedly severe mental health and behavioral problems. He has allegedly been in segregation for six years. (ECF No. 1, PageID.8.) Plaintiff further admits that he has been denied parole since 2012. (ECF No. 1, PageID.13.)

The court is required to screen a prisoner's complaint and to dismiss any portion of a complaint that is frivolous or malicious, fails to state a claim for which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Grinter v. Knight*. 532 F.3d 567, 572 (6th Cir. 2008). The court has yet to undertake that review, but first addresses the pending motion for temporary restraining order. Regardless of whether Plaintiff has set forth a

valid claim in his complaint, the court concludes that he is not entitled to the relief sought in his motion for temporary restraining order. The court has reviewed the motion and determined that the requirements for issuing a temporary restraining order under Federal Rule of Civil Procedure 65(b) are not met in this case. Specifically, Plaintiff's complaint fails to establish that "immediate and irreparable injury, loss, or damage will result . . . before the adverse party or that party's attorney can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). Plaintiff's alleged harms have existed for some time, relate to his admitted serious mental illness, and implicate the administrative, health, and safety decisions of a state correctional facility. Motions for temporary restraining orders ask for relief without hearing from Defendants, and the requirements for such relief are simply not met in this case. Accordingly,

IT IS ORDERED that Plaintiff's "Motion for a Temporary Restraining Order and for an Order to Show Cause" (ECF No.3) is DENIED.

 S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  March 15, 2021

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, March 15, 2021, by electronic and/or ordinary mail.

 S/Lisa Wagner
Case Manager and Deputy Clerk
(810) 292-6522

S:\Cleland\Cleland\CHD\Samples and Working Drafts\21-10518.CARTER.TRO.docx