UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOEL CARTER,

      Plaintiff,

                                        Case No. 21-cv-10518

v.                                     Hon. Matthew F. Leitman

HEIDI WASHINGTON, *et al*.,

      Defendants.

_____/

### ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT (ECF No. 93)

Plaintiff Joel Carter is a former state inmate who at all relevant times was in the custody of the Michigan Department of Corrections (the "MDOC"). In this action, Carter says that he has been diagnosed with several serious mental illnesses, and he claims that during his period of incarceration, the Defendants wrongfully punished him, isolated him, and kept him incarcerated based upon his mental illnesses.

Carter initially filed this action *pro se*, but the Court later appointed counsel for him. (*See* Order, ECF No. 70.) It then granted Carter leave to file a First Amended Complaint. (*See* Order, ECF No. 91.) Counsel filed that Amended Complaint on Carter's behalf on November 26, 2025. (*See* First Am. Compl., ECF No. 92.) In that pleading, Carter brings two claims against the MDOC: (1) a claim

1

under the Americans with Disabilities Act and (2) a claim under the Rehabailiation Act. (*See id.*)

Now pending before the Court is the MDOC's motion to dismiss, or, in the alternative, for a more definite statement. (*See* Mot., ECF No. 93.)  In that motion, the MDOC argues that Carter's claims are barred by the law of the case doctrine.  In the alternative, the MDOC asks the Court to require Carter to file a more definite statement.  In support of that request, the MDOC explains that, as currently pleaded, Carter's First Amended Complaint is "so vague and ambiguous that the MDOC cannot reasonably prepare a responsive pleading." (*Id.*, PageID.1565.)  The MDOC argues, among other things, that the First Amended Complaint:

- "[N]ames multiple defendants besides the MDOC" even though the Court previously granted Carter leave "to file an amended complaint against a sole Defendant – the MDOC." (*Id.,* PageID.1568.);

- Includes paragraphs that "discuss periods of time of a decade or longer and allege broad conclusory allegations." (*Id.*, PageID.1569.)  For example, "in paragraph 22, [Carter] discusses a time period of 'January 2005 through June 2011,' seemingly asserting claims from that entire period." (*Id.*, PageID.1571.);

- Alleges that Heidi Washington took certain actions in her role as MDOC Director against Carter in 2011 even though Washington did not become the MDOC Director until 2015. (*See id.*); and

- Appears to include claims that may be barred by the statute of limitations, but "due to the ambiguous claims and time periods stated in [Carter's] [A]mended [C]omplaint," the MDOC cannot "address [that] issue with specificity." (*Id.*, PageID.1572.)

The Court has carefully reviewed Carter's First Amended Complaint, the MDOC's motion, and Carter's response to that motion.  It agrees with the MDOC that Carter's First Amended Complaint is not pleaded in a manner that would allow the MDOC to understand the full nature and scope of Carter's claims.  However, rather than dismiss Carter's claims at this time, the Court will provide him one final opportunity to file a Second Amended Complaint to address the alleged deficiencies in his current pleading identified by the MDOC.  The Court therefore **DENIES** the MDOC's motion to the extent that it seeks dismissal of Carter's claims and **GRANTS** the motion to the extent that it seeks a more definite statement.[1]  By no later than **August 31, 2026**, Carter shall file a Second Amended Complaint.  As previously directed, in that pleading, Carter shall only bring claims against the

---

[1] The Court reaches no conclusion, at this time, on the MDOC's argument that Carter's claims are barred by the law of the case doctrine.  The MDOC may renew that argument, if appropriate, after reviewing Carter's Second Amended Complaint.

MDOC (and not against any other party) under the American with Disabilities Act and the Rehabilitation Act.  In addition, Carter shall <u>clearly</u> and <u>separately,</u> with as much particularity as reasonably possible, identify each alleged act of misconduct, when that alleged misconduct occurred, and the harm he suffered from each alleged act of misconduct.  This is Carter's final opportunity to clearly allege all facts, currently known to him, that could support his claims against the MDOC.  The Court will not be inclined to allow Carter to file another amendment to allege facts that he could include in his Second Amended Complaint.

The MDOC shall file an Answer or otherwise respond to the Second Amended Complaint within 45 days of the filing of that pleading.

**IT IS SO ORDERED.**

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated:  June 8, 2026

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on June 8, 2026, by electronic means and/or ordinary mail.

s/Holly A. Ryan
Case Manager
(313) 234-5126

4